UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE TURNER,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>ELI LILY COMPANY, ET AL.,<br><br>　　　　　　　　　Defendants. | Case No.: 23-CV-1722-JO-DDL<br><br>**ORDER: (1) DISMISSING COMPLAINT PURSUANT TO SCREENING UNDER 28 U.S.C. § 1915; and (2) DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS** |

On September 14, 2023, Terrance Turner ("Turner") filed a lawsuit and a motion to proceed *in forma pauperis* ("IFP") on behalf of another individual, Day Spencer. On behalf of Spencer, Turner alleges that doctors administered a dangerous drug to Spencer's child. Dkt. 1 at 4-6. Although Turner filed this case as the plaintiff, he was not involved in the facts of the case, and he did not suffer the injuries alleged in the complaint. *See generally id.* Nor is Turner a licensed attorney. For the reasons stated below, the Court DISMISSES Turner's complaint under 28 U.S.C. § 1915 with prejudice and DENIES his motion to proceed IFP as moot.

## I.   SCREENING UNDER 28 U.S.C. § 1915

A complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review by the Court. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court must dismiss the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To pass screening, all complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)."). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

Upon screening, the Court finds that Plaintiff's claims fail as a matter of law because Turner did not suffer the injuries alleged in his complaint. A plaintiff only has legal standing to sue when they have suffered harm from the defendant's alleged wrongful conduct. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Specifically, in order to have standing, a party must establish that: (1) it suffered an "injury in fact;" (2) there is a causal connection between the injury and the allegedly wrongful conduct; and (3) the injury would likely be redressed by a favorable decision. *Id.* at 560-61. Because standing is a jurisdictional requirement, courts should *sua sponte* examine whether plaintiffs have met their burden of establishing standing. *Bernhardt v. Cnty. of Los Angeles*, 279 F.3d

862, 868 (9th Cir. 2002); *Lujan*, 504 U.S. at 561 ("[T]he party invoking federal jurisdiction has the burden of establishing [standing].").

Here, Turner's complaint rests entirely on events that occurred to someone other than himself. Turner alleges that an individual named Day Spencer suffered harm because a pharmaceutical company marketed a dangerous prescription drug to doctors, and doctors subsequently used this medication in treating Spencer's child. Dkt. 1 at 2-6. A review of the complaint and the accompanying IFP motion reveals that Turner had no relationship with Day Spencer and her child, and that he was not involved in the facts alleged in this case. *See generally* Dkt. 1. Instead, it appears that Turner is representing Day Spencer in this lawsuit for financial remuneration, despite the fact that he is not a licensed attorney. He says as much in his IFP request, noting that he is "hustling legal services at a modicum price just to pay the rent." Dkt. 2 at 2. His court filings indicate no bar number[1] or affiliation with a law office. Because Turner is not the one who suffered the injury, he does not have standing to pursue this action. *See Warth v. Seldin*, 422 U.S. 490, 502 (1975) ("Petitioners must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members . . . which they purport to represent."). Moreover, it appears that Turner is engaged in the unlicensed practice of law. Accordingly, the Court dismisses the complaint pursuant to § 1915(e).

## II.   CONCLUSION

Because amendment could not cure the fact that Turner is not the individual who suffered the injury in this case, the Court DISMISSES this complaint pursuant to 28 U.S.C. § 1915 with prejudice. *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002) (stating that dismissal with prejudice is warranted where amendment would be futile because the flaws in the claims cannot be cured). The Court also DENIES his motion to proceed IFP as moot because it has dismissed Turner's case with prejudice.

---

[1] Because Turner listed a Virginia address in the Complaint, the Court ran its own search of both the Virginia and California Bar websites and found no record of an attorney named Terrance Turner.

(This dismissal with prejudice applies only to the complaint filed by Turner; it does not foreclose Day Spencer and/or her child from refiling this action in their own right either *pro se* or represented by a licensed attorney.)  The Clerk is directed to close this case.

Moreover, as it appears that Turner is engaged in the unlicensed practice of law, the Court orders the Clerk to report this matter and send a copy of this order to both the California State Bar and the Virginia State Bar.

**IT IS SO ORDERED.**

Dated:  October 16, 2023

Honorable Jinsook Ohta
United States District Judge